```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 09/04/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
:
MARCUS STINSON,                                                    :
:
:
Plaintiff,                              :
:           17-cv-3949 (LJL)
-v-                                     :
:           OPINION AND ORDER
:
CITY UNIVERSITY OF NEW YORK, JUDITH                                :
BERGTRAUM, VINCENT GREEN, JOHN                                     :
ANTONELLI, and RESEARCH FOUNDATION OF                              :
THE CITY UNIVERSITY OF NEW YORK,                                   :
X
Defendant.
-------------------------------------------------------------------
LEWIS J. LIMAN, United States District Judge:

Plaintiff Marcus Stinson ("Plaintiff") moves pro se under Federal Rule of Civil Procedure 60 to set aside or vacate the judgment entered in this case on June 6, 2018, or for leave to file an amended complaint. Dkt. No. 87. That judgment was entered pursuant to an opinion and order of the same date dismissing Plaintiff's Second Amended Complaint, which alleged employment discrimination based on race and disability under federal and state statutes. Dkt. No. 85.[1] For the following reasons, Plaintiff's motion is denied.

Federal Rule of Civil Procedure 60 (b) allows a court to grant relief from a final judgment on the following grounds:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

---

[1] The Opinion and Order was signed by the Honorable Katherine B. Forrest (retired). *Id.* The case was reassigned to the undersigned on August 14, 2024. Aug. 14, 2023 Minute Entry.

Fed. R. Civ. P. 60(b). "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c).

The Court interprets arguments by *pro se* litigants liberally, "so as to raise the strongest claims they suggest." *Brik v. Brodie*, 2024 WL 1604194, at *4 (E.D.N.Y. Apr. 12, 2024). Here, Plaintiff makes arguments under Rule 60(b)(1), (2), (3), (4), and (6). Dkt. No. 87. He first argues that the opinion dismissing his claims "altered, omitted, and misrepresented the facts" of the case. *Id.* at 1–8. Plaintiff then argues that issues relating to the City University Construction Fund ("CUCF") justify relief under prongs (2) through (4) of Rule 60(b). *Id.* at 8–13. He states that "[o]fficial CUCF records from 2021 and 2022 linked to Kay Xanthakos' settlement with CUNY were not signed and released until after May 25, 2023." *Id.* at 13. Xanthakos was a CUNY employee, *id.* at 10, and Plaintiff suggests that CUCF's involvement in the Xanthakos settlement shows "[t]he CUCF's involvement in my CUNY employment," *id.* at 8. Plaintiff states that fraud occurred because "neither CUNY nor RFCUNY made any mention of the CUCF's involvement in my CUNY employment." *Id.* at 9. He argues under Rule 60(b)(4) that the judgment is void because the CUCF's involvement in his employment relationship was contrary to the CUCF Act and was not disclosed to the Court. *Id.* at 9–10. Finally, under Rule 60(b)(6), he incorporates his arguments under Rule 60(b)(1)–(4) and additionally suggests judicial bias. *Id.* at 11–12.

A motion to vacate is not granted lightly. Once a case has been fully litigated and a final judgment is entered, the parties are entitled to "certainty" and "finality" regarding how the dispute has been resolved. *In re Frigitemp Corp.*, 781 F.2d 324, 327 (2d Cir. 1986). The losing party may quickly appeal or may move to amend the judgment under Federal Rule of Civil

Procedure 59. *See id.* But after more time has passed, the matter is assumed to be settled and can only be reopened by a Rule 60(b) motion in "exceptional circumstances." *In re Pinnock*, 833 F. App'x 498, 501 (2d Cir. 2020) (quoting *Cent. Vt. Pub. Serv. Corp. v. Herbert*, 341 F.3d 186, 190 (2d Cir. 2003)). Although the losing party may not agree with the decision, "[t]here must be an end to litigation someday." *Ackermann v. United States*, 340 U.S. 193, 198 (1950).

Plaintiff brought his complaint before this Court in 2017, represented by counsel. Dkt. No. 2. He was twice able to amend the complaint to clarify his dispute with his employers. Dkt. Nos. 26, 65. Judgment was entered in June 2018, Dkt. No. 85, and Plaintiff did not appeal.[2] Over six years have passed, and it is now too late for Plaintiff to receive relief under Rule 60(b)(1), (2), or (3). Rule 60(c) states that a motion for relief on one those grounds must be filed within a year of the judgment. Fed. R. Civ. P. 60(c). Therefore, Plaintiff needed to seek relief on these grounds by June 2019. "The one-year limitation period for Rule 60(b) motions is 'absolute.'" *Martha Graham Sch. & Dance Found., Inc. v. Martha Graham Ctr. of Contemp. Dance, Inc.*, 466 F.3d 97, 100 (2d Cir. 2006) (quoting *Warren v. Garvin*, 219 F.3d 111, 114 (2nd Cir. 2000)).

The one-year rule encourages litigants to address problems quickly. If the decision dismissing Plaintiff's claims did not properly consider the facts and arguments presented, Plaintiff should have raised these objections by a timely appeal. *See United Airlines, Inc. v. Brien*, 588 F.3d 158, 176 (2d Cir.2009) ("In no circumstances . . . may a party use a Rule 60(b) motion as a substitute for an appeal it failed to take in a timely fashion."). Plaintiff suggests that he could not have raised CUCF's involvement earlier, because he only found out about it in

---

[2] Plaintiff states that a motion under Rule 59 was filed and served at that time before being withdrawn, although the Court has no record of this. Dkt. No. 87 at 13.

2023. But the one-year limit also encourages parties to investigate relevant evidence diligently. If CUCF was involved in Plaintiff's employment at the time of his claims, he or his counsel might have been able to discover this while investigating his case.[3]

Plaintiff's claims under Rule 60(b)(4) and 60(b)(6) are not subject to the one-year limit. Relief under Rule 60(b)(4) is granted when "the court that rendered judgment lacked even an 'arguable basis' for jurisdiction." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010) (quoting *Nemaizer v. Baker*, 793 F.2d 58, 65 (2d Cir. 1986)). Plaintiff argues that the judgment should be void because CUCF's involvement in his employment relationship was contrary to the CUCF Act and was not disclosed to the court. *Id.* at 9–10. But lack of jurisdiction does not just mean the court failed to consider important factors. Lack of jurisdiction means the court did not have power to decide the case at all. The District Court had power to hear Plaintiff's claims because they were brought under Federal law or related to claims under Federal law. Dkt. No. 1 ¶ 12–13. The judgment is not void.

Finally, Rule 60(b)(6) allows a movant to seek relief for any other reason. Although Plaintiff states that all of his arguments should be considered under this prong, Rule 60(b)(6) is only for arguments that do not fit under prongs (1)–(5). *See Kemp v. United States*, 596 U.S. 528, 533 (2022) ("This last option is available only when Rules 60(b)(1) through (b)(5) are inapplicable."). Therefore, Plaintiff's arguments about errors in the original judgment and new evidence regarding CUCF cannot be considered under Rule 60(b)(6).

Plaintiff argues under Rule 60(b)(6) that the judge who dismissed his claims should have been recused due to ties to New York politicians who are also tied to one of the individual

---

[3] Plaintiff suggests that the motion is timely because it was filed within one year after he discovered the evidence of CUNY's involvement. However, Rule 60(c) requires it to be within one year "after the entry of the judgment."

4

defendants. Dkt. No. 87 at 11–12. Recusal can be warranted in some cases when a judge has political ties to a litigant, such as when the litigant had a major role in the judge's election. *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 884 (2009). But even assuming Plaintiff's allegations to be true, the litigant here is only an associate of a politician who supports the judge. Plaintiff has not suggested any direct relationship between the judge and the litigant. There is not "significant doubt" as to whether the judge could fairly adjudicate the case. *United States v. Yousef*, 327 F.3d 56, 169 (2d Cir. 2003).

Plaintiff also seeks leave to file an amended complaint. Dkt. No. 87 at 13. Leave to amend is freely granted under Federal Rule of Civil Procedure 15, and the Second Circuit has suggested that a pro se litigant should be granted leave to replead at least once. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). However, leave to amend should only be granted after judgment if there is a valid reason to vacate the judgment. *See Williams v. Citigroup Inc.*, 659 F.3d 208, 213 (2d Cir. 2011). Plaintiff here has already had several opportunities to replead, Dkt. Nos. 26, 65, and has not shown that the judgment should be vacated. Therefore, leave to file an amended complaint is also denied.

The motion to vacate is DENIED and the motion for leave to file an amended complaint is DENIED. The Clerk of Court is respectfully directed to close Dkt. No. 87.

SO ORDERED.

Dated: September 4, 2024
       New York, New York                                    _____
                                                             LEWIS J. LIMAN
                                                             United States District Judge